**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Western District of Texas

Case number (*If known*): _____ Chapter 15

☐ Check if this is an amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding  **12/15**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | |
|---|---|
| 1. **Debtor's name** | ATK Oilfield Transportation Inc. |

2. **Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN) ___ ___ – ___ ___ ___ ___ ___ ___ ___

☑ Other  Alberta Corp Access No.  . Describe identifier  2015302389  .

**For individual debtors:**

☐ Social Security number:  xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other _____. Describe identifier _____.

3. **Name of foreign representative(s)**

Ernst & Young Inc.

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred**

See Schedule A

5. **Nature of the foreign proceeding**

*Check one:*

☑ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
Receivership Order; Court of Queen's Bench of Alberta File No. 1601-
04275 in ALBERTA TREASURY BRANCHES v ATK OILFIELD

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

Debtor  ATK Oilfield Transportation Inc.
        Name

Case number (*if known*)_____

---

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i) all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Canada

**Debtor's registered office:**

800, 520 5th Avenue SW
Number      Street

_____
P.O. Box

Calgary, Alberta  T2P 3R7
City        State/Province/Region  ZIP/Postal Code

Canada
Country

**Individual debtor's habitual residence:**

_____
Number      Street

_____
P.O. Box

_____
City        State/Province/Region  ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

440 – 2nd Avenue S.W.
Number      Street

_____
P.O. Box

Calgary, AB   T2P 5E9
City        State/Province/Region  ZIP/Postal Code

Canada
Country

---

**10. Debtor's website** (URL)

http://www.atkoilfield.com/

---

**11. Type of debtor**

*Check one:*

❑ Non-individual (*check one*):

☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

❑ Partnership

❑ Other.  Specify: _____

❑ Individual

---

| | |
|---|---|
| Debtor | ATK Oilfield Transportation Inc. |
| | Name |

Case number (if known)_____

| | |
|---|---|
| **12. Why is venue proper in this district?** | Check one: |

☐ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____

☑ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

Debtor's US subsidiary has its principal assets in this district

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _____   Neil Narfason (Ernst & Young Inc.)
Signature of foreign representative          Printed name

Executed on   04/01/2016
              MM  / DD / YYYY

✗ _____   _____
Signature of foreign representative          Printed name

Executed on   _____
              MM  / DD / YYYY

**14. Signature of attorney**

✗ _____   Date   04/01/2016
Signature of Attorney for foreign representative        MM  / DD / YYYY

Steve A. Peirce
Printed name
Norton Rose Fulbright US LLP
Firm name
300 Convent Suite 2100
Number        Street
San Antonio                          Texas          78205
City                                 State          ZIP Code

(210) 270-7179                       steve.peirce@nortonrosefulbright.co
Contact phone                        Email address

15731200                             TX
Bar number                           State

SCHEDULE A TO CHAPTER 15 PETITION OF
**TO ATK OILFIELD TRANSPORTATION INC.**

**Item 4**: Foreign proceeding in which appointment of the foreign representative(s) occurred:   Alberta Treasury Branches v. ATK Oilfield Transportation Inc. and ATK Oilfield Transportation (USA) Inc. Alberta Court of Queen's Bench File No. 1601-04275.

**Item 8**:  Others entitled to notice:

Attach a list containing the names and addresses of: (i) all persons or bodies authorized to administer foreign proceedings of the debtor, (ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and (iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

See attached **Schedule A1**.

**Item 11**: Type of Debtor: Corporate Ownership Statement containing the information described in Fed. R. Bankr. P. 7007.1

**ATK Oilfield Transportation Inc. is a privately held corporation incorporated under the laws of Alberta, Canada.**

**55.34% of the equity interests of ATK Oilfield Transportation Inc. is owned by Kos Corp. Investments Ltd., a Canadian entity.**

**No other entity owns more than 10%.**

**Schedule A1**

**Section 8 – Others Entitled to Notice**

1. List containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor

| | |
|---|---|
| Ernst & Young Inc.<br>EPCO Tower, Suite 1400<br>P.O. Box 44<br>10423 - 101 Street<br>Edmonton,  Alberta  T5H 0E7<br><br>Attn:  Matt McMulloch<br>Email:  matt.mcculloch@ca.ey.com | Ernst & Young Inc.<br>Suite 1000<br>440 - 2nd Avenue SW<br>Calgary, Alberta  T2P 5E9<br><br>Attn: Neil Narfason<br>Email:  neil.narfason@ca.ey.com |

2. List containing the names and addresses of all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition

**Kemp W. Jones, c/o John E. Wall, Jr., Law Offices of John E. Wall, Jr., 5728 Prospect Avenue, Suite 2001, Dallas, Texas 75206-7284,**

3. List containing the names and addresses of all entities against whom provisional relief is being sought under §1519 of the Bankruptcy Code.  **Attached below.**

Service List

| NAME | ADDRESS1 | ADDRESS2 | ADDRESS3 | ADDRESS4 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|---|---|
| AFD QUALITY FUELS AND LUBRICANTS | 7303 N FM 1788 | | | | MIDLAND | TX | 79707 | |
| ALBERTA TREASURY BRANCHES | C/O DENTONS CANADA LLP | ATTN: DAVID LEGEYT, VIRGIL LOWE | 15TH FLOOR, 850 - 2ND STREET S.W. | | CALGARY | AB | T2P 0R8 | CANADA |
| AMERICAN CRANE & EQUIPMENT | PO BOX 13293 | | | | ODESSA | TX | 79768 | |
| ANDERSON MACHINERY COMPANY | PO BOX 4806 | | | | CORPUS CHRISTI | TX | 78469 | |
| ARTIC TRUCK PARTS & SERVICE | 63 STRATMOOR DRIVE | | | | SHERWOOD PARK | AB | T8H 0C1 | CANADA |
| ASCO | PO BOX 3888 | | | | LUBBOCK | TX | 79452 | |
| ATB FINANCIAL | ATTN: ALEX CORBETT | 600, 585 - 8 AVENUE S.W. | | | CALGARY | AB | T2P 1G1 | CANADA |
| ATK OILFIELD TRANSPORTATION INC. AND ATK OILFIELD TRANSPORTATION (USA) INC. | C/O BORDEN LADNER GERVAIS LLP | ATTN: ROBYN GUROFSKY | 1900, 520 - 3 AVENUE S.W. | | CALGARY | AB | T2P 0R3 | CANADA |
| AVEDA TRANSPORTATION AND ENERGY SERVICES | SUITE 1200 | 333 NORTH SAM HOUSTON PARKWAY EAST | | | HOUSTON | TX | 77060 | |
| BIG B CRANE, LLC | 645 E. RENFRO | | | | BURLESON | TX | 76028 | |
| BIG CAT TRUCKING | PO BOX 1666 | | | | SPRINGTOWN | TX | 76082 | |
| BIG SHOP CUSTOMS, LLC | 650 WILDLIFE BLVD | | | | GRAND PRAIRIE | TX | 75050-7206 | |
| BISHOP LIFTING PRODUCTS, INC. | 12828 W I-20 EAST | | | | ODESSA | TX | 79765 | |
| BRAGG CRANE SERVICE, BRAGG CRANE & RIGGING, HEAVY TRANSPORT | PO BOX 727 | | | | LONG BEACH | CA | 90801 | |
| BRITT TRUCKING & CONSTRUCTION CO. INC. | 1900 SEMINOLE RD | | | | LAMESA | TX | 79331 | |
| CANADIAN WESTERN BANK | 285, 2880 GLENMORE TRAIL S.E. | | | | CALGARY | AB | T2C 2E7 | CANADA |
| CANADIAN WESTERN BANK | 17603-100 AVENUE | | | | EDMONTON | AB | T4S 2M1 | CANADA |
| CENTRAL ALBERTA CANADA RENTALS LTD. | 5610 HIGHWAY 2A | | | | LACOMBE | AB | T4L 1A3 | CANADA |
| DESERT ENERGY EQUIPMENT, INC. | PO BOX 13290 | | | | ODESSA | TX | 79768-3290 | |
| DIAMOND TANK RENTAL, INC. | PO BOX 4751 | | | | ODESSA | TX | 79760 | |
| EDMONTON KENWORTH LTD. | 17335 - 118 AVENUE | | | | EDMONTON | AB | T5S 2P5 | CANADA |
| ENTERPRISE FM TRUST | 4210 S CONGRESS AVE | | | | AUSTIN | TX | 78745 | |
| ENTERPRISE FM TRUST | 600 CORPORATE PARK DRIVE | | | | ST. LOUIS | MO | 63105-4204 | |
| ENTERPRISE FM TRUST | 1420 W MOCKINGBIRD LN | SUITE 640 | | | DALLAS | TX | 75247 | |
| ENTERPRISE FM TRUST | 10401 CENTREPARK DRIVE #200 | | | | HOUSTON | TX | 77043 | |
| ERNST & YOUNG INC. | C/O GOWLING WLG | ATTN: JEFFREY OLIVER | 1600, 421 - 7TH AVENUE S.W. | | CALGARY | AB | T2P 4K9 | CANADA |
| ERNST & YOUNG INC. | ATTN: MATT MCMULLOCH | EPCO TOWER, SUITE 1400 | PO BOX 44 | 10423 - 101 STREET | EDMONTON | AB | T5H 0E7 | CANADA |
| ERNST & YOUNG LLP | ATTN: NEIL NARFASON | SUITE 1000 | 440 - 2ND AVENUE S.W. | | CALGARY | AB | T2P 5E9 | CANADA |
| EXACT CRANE RENTAL LLC | 28985 AMBINA DR. | | | | SOLON | OH | 44139 | |
| EXCALIBUR CRANES & OILFIELD SERVICES, LLC | 5925 ALMEDA ROAD | UNIT 12903 | | | HOUSTON | TX | 77004 | |
| FLEETPRIDE | PO BOX 847118 | | | | DALLAS | TX | 75284-7118 | |
| FORD CREDIT | PO BOX 790072 | | | | ST. LOUIS | MO | 63179-0072 | |
| FORD CREDIT CANADA LEASING, A DIVISION OF CANADIAN ROAD LEASING COMPANY | PO BOX 2400 | | | | EDMONTON | AB | T5J 5C7 | CANADA |
| FORREST TIRE COMPANY | PO BOX 1778 | | | | CARLSBAD | NM | 88221-1778 | |
| FREELS TRUCKING | 2806 N VEGA | | | | ODESSA | TX | 79764 | |
| GE CANADA EQUIPMENT FINANCING G.P. | SUITE 200, 2300 MEADOWVALE BLVD. | | | | MISSISSAUGA | ON | L5N 5P9 | CANADA |
| GM FINANCIAL CANADA LEASING LTD. | SUITE 600 | 2001 SHEPPARD AVENUE | | | TORONTO | ON | M2J 4Z8 | CANADA |
| GOOD OL' BOYS PILOT CAR SERVICE | 203 E. CORBETT | | | | HOBBS | NM | 88240 | |
| HIGH 5 SERVICES | PO BOX 2672 | | | | ODESSA | TX | 79760 | |
| INLAND TRUCK PARTS & SERVICE | PO BOX 2276 | | | | LUBBOCK | TX | 79408 | |
| INTEGRATED DISTRIBUTION SYSTEMS LP | O/A WAJAX EQUIPMENT | #30, 26313 TOWNSHIP ROAD 531A | | | ACHESON | AB | T7X 5A3 | CANADA |
| INTERNAL REVENUE SERVICE | CENTRALIZED INSOLVENCY OFFICE | PO BOX 7346 | | | PHILADELPHIA | PA | 19101-7346 | |
| IRS INSOLVENCY OFFICE | 300 E. 8TH ST., MAIL STOP 5026AUS | | | | AUSTIN | TX | 78701 | |
| JAY BYRD TRUCKING, L.L.C. | 13849 BLACKGOLD | | | | ODESSA | TX | 79763 | |
| JORDAN WIRE ROPE | 2400 WEST 56TH STREET | | | | ODESSA | TX | 79764 | |
| JPMW TRUCKIN LLC | PO BOX 52710 | | | | MIDLAND | TX | 79710 | |
| KAL TIRE, A CORPORATE PARTNERSHIP | BOX 1240 | | | | VERNON | BC | V1T 6N6 | CANADA |
| KAL TIRE, A CORPORATE PARTNERSHIP | 1540 KALAMALKA LAKE ROAD | | | | VERNON | BC | V1T 6V2 | CANADA |
| KEMP W. JONES | C/O LAW OFFICES OF JOHN E. WALL, JR. | ATTN: JOHN E. WALL, JR. | 5728 PROSPECT AVENUE, SUITE 2001 | | DALLAS | TX | 75206-7284 | |
| KYLE ERWIN CONSTRUCTION LLC | P O BOX 643 | | | | BOYD | TX | 76023 | |
| LAW OFFICES OF JOHN E. WALL, JR. | RE: KEMP W. JONES | 5728 PROSPECT AVE | SUITE 2001 | | DALLAS | TX | 75206-7284 | |
| METROPLEX RIG MOVERS,INC | P.O. BOX 170086 | | | | IRVING | TX | 75017-0086 | |
| MHC KENWORTH - ODESSA | PO BOX 879269 | | | | KANSAS CITY | MO | 64187-9269 | |
| MIDLAND CENTRAL APPRAISAL DISTRICT | PO BOX 908002 | | | | MIDLAND | TX | 79708-0008 | |
| MIDLAND COUNTY TAX OFFICE | 2110 NORTH A STREET | | | | MIDLAND | TX | 79705 | |
| NATIONAL LEASING GROUP INC. | 1525 BUFFALO PLACE | | | | WINNIPEG | MB | R3T 1L9 | CANADA |
| NOAH'S SERVICE & SUPPLY LLC | PO BOX 996 | | | | KILGORE | TX | 75663 | |
| OK TIRE & AUTO SERVICE | 8525 - 109 STREET | GRAND PRAIRIE | | | GRANDE PRAIRIE | AB | T8V 8H7 | CANADA |
| PROFESSIONAL COMMUNICATIONS | PO BOX 61830 | | | | MIDLAND | TX | 79711-1830 | |
| Q & K VENTURES, LLC | PO BOX3125 | | | | HOBBS | NM | 88241 | |

Service List

| NAME | ADDRESS1 | ADDRESS2 | ADDRESS3 | ADDRESS4 | CITY | STATE | ZIP | COUNTRY |
|------|----------|----------|----------|----------|------|-------|-----|---------|
| R U NEW PILOT CAR SERVICE | PO BOX 314 | | | | CROSS PLAINS | TX | 76443 | |
| R.F. DIESEL REPAIR INC. | 2458 E. OVERLAND TRAIL | | | | ABILENE | TX | 79601 | |
| RDL TRANSPORTATION INC | PO BOX 3144 | | | | MIDLAND | TX | 79702 | |
| RED ROCK OIL FIELD HAULING, LLC | 3729 N. CROSSOVER RD | SUITE 111 | | | FAYETTEVILLE | AR | 72703 | |
| ROYNAT INC. | SUITE 1500, METRO TOWER 1 | 4710 KINGSWAY | | | BURNABY | BC | V5H 4M2 | CANADA |
| SMITH OILFIELD SERVICES INC | P.O. BOX 562 | | | | BRIDGEPORT | TX | 76426 | |
| STETSON MOTORS 2010 LTD. | ATTN: KEVIN DUSTERHOFT | BOX 7109 | 2451 - 50 STREET | | DRAYTON VALLEY | AB | T7A 1S4 | CANADA |
| SUNSET LODGE | 7701 E HIGHWAY 191 | | | | ODESSA | TX | 79762 | |
| TEXAS COMPTROLLER OF PUBLIC ACCOUNTS | REVENUE ACCOUNTING DIV- BANKRUPTCY SECTION | PO BOX 13528 CAPITOL STATION | | | AUSTIN | TX | 78711-3528 | |
| TEXAS TREASURY SAFEKEEPING TRUST COMPANY | C/O TEXAS ATTORNEY GENERAL'S OFFICE | ATTN: J. CASEY ROY | BANKRUPTCY & COLLECTIONS DIVISION | PO BOX 12548- MC 008 | AUSTIN | TX | 78711-2548 | |
| TURN-N-BURN LLC. | 1747 CAN ADA RD. SOUTH | | | | MELBA | ID | 83641 | |
| UNITED STATES ATTORNEY | CIVIL PROCESS CLERK-IRS | 601 NW LOOP 401, SUITE 600 | | | SAN ANTONIO | TX | 78295-1539 | |
| U.S. TRUSTEE | PO BOX 1539 | | | | SAN ANTONIO | TX | 78216 | |
| UNITED STATES ATTORNEY GENERAL | DEPARTMENT OF JUSTICE | 950 PENNSYLVANIA AVENUE NW | | | WASHINGTON | DC | 20530 | |
| US SECURITIES AND EXCHANGE COMMISSION | 100 F STREET, NE | | | | WASHINGTON | DC | 20549 | |
| WATT & STEWART TRUCKING | PO BOX 192 | | | | SAN ANGELO | TX | 76902 | |
| WAYNE ENTERPRISES, INC. | PO BOX 204122 | | | | DALLAS | TX | 75320-4122 | |
| WEST TEXAS WINSHIELD | 607 S. BIG SPRING | | | | MIDLAND | TX | 79701 | |
| WESTERN MARKETING, INC. | PO BOX 677422 | | | | DALLAS | TX | 75267-7422 | |

Clerk's stamp:

| | |
|---|---|
| COURT FILE NUMBER | 1601 - 04275 |
| COURT OF QUEEN'S BENCH OF ALBERTA | |
| JUDICIAL CENTRE | CALGARY |
| PLAINTIFF | ALBERTA TREASURY BRANCHES |
| DEFENDANTS | ATK OILFIELD TRANSPORTATION INC. and ATK OILFIELD TRANSPORTATION (USA) INC. |
| DOCUMENT | **CONSENT RECEIVERSHIP ORDER** |
| ADDRESS FOR SERVICE AND CONTACT INFORMATION OF PARTY FILING THIS DOCUMENT | David LeGeyt<br>Dentons Canada LLP<br>Bankers Court<br>15th Floor, 850 - 2nd Street S.W.<br>Calgary, Alberta T2P 0R8<br>Ph. (403) 268-3075 Fx. (403) 268-3100<br>File No.: 016026-1244 |

> CLERK OF THE COURT
> **FILED**
> APR 01 2016
> JUDICIAL CENTRE
> OF CALGARY

**DATE ON WHICH ORDER WAS PRONOUNCED:** April 1, 2016

**NAMES OF JUDGE WHO MADE THIS ORDER:** The Honourable Justice R. Nixon

## CONSENT RECEIVERSHIP ORDER

**UPON THE APPLICATION** of Alberta Treasury Branches ("**ATB**") in respect of ATK Oilfield Transportation Inc. ("**ATK**") and ATK Oilfield Transportation (USA) Inc. ("**ATK USA**") for an order appointing Ernst & Young Inc. as receiver and manager over the assets, undertakings and properties of ATK and ATK USA; **AND UPON** reading the affidavit of Paul Spiller, dated March 29, 2016 filed; **AND UPON** reading the consent of Ernst & Young Inc. to act as receiver and manager of ATK and ATK USA; **AND UPON** hearing from counsel for ATB and counsel for any other parties present; **AND UPON** noting the consent of the Defendants:

**IT IS HEREBY ORDERED AND DECLARED THAT:**

### SERVICE

1.      The time for service of the notice of application for this order is hereby abridged and service thereof is deemed good and sufficient.

- 2 -

## APPOINTMENT

2.      Pursuant to section 13(2) of the *Judicature Act*, R.S.A. 2000, c. J-2 and section 243 of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended, (the "**BIA**") Ernst & Young Inc. is hereby appointed receiver and manager (the "**Receiver**"), without security, of all of ATK and ATK USA's (collectively the "**Debtors**") current and future assets, undertakings, and properties of every nature and kind whatsoever, and wherever situate including all proceeds thereof (collectively referred to as the "**Property**").

## RECEIVER'S POWERS

3.      The Receiver be and is hereby authorized to act as foreign representative for all purposes under and pursuant to Chapter 15 of Title 11 of the United States Code in respect of ATK and ATK USA, including for the purpose of obtaining an order from a court of competent jurisdiction granting recognition of the within proceedings under Chapter 15 of Title 11 of the United States Code on terms acceptable to the Receiver (the "**Recognition Order**").  The Receiver shall file a certificate (the "**Certificate**") certifying that the Recognition Order has been obtained and appending to it a true copy of the Recognition Order.

4.      The Receiver is hereby empowered and authorized, but not obligated, to act at once in respect of the Property and, without in any way limiting the generality of the foregoing, the Receiver is hereby expressly empowered and authorized to do any of the following where the Receiver considers it necessary or desirable:

(a)     to take possession of and exercise control over the Property and any and all proceeds, receipts and disbursements arising out of or from the Property;

(b)     to receive, preserve and protect the Property, or any part or parts thereof, including, but not limited to, the changing of locks and security codes, the relocating of Property to safeguard it, the engaging of independent security personnel, the taking of physical inventories and the placement of such insurance coverage as may be necessary or desirable;

(c)     to manage, operate and carry on the business of the Debtor(s), including the powers to enter into any agreements, incur any obligations in the ordinary course of business, cease to carry on all or any part other business, or cease to perform any contracts of the Debtor(s);

(d)     to engage consultants, appraisers, agents, experts, auditors, accountants, managers, counsel and such other persons from time to time and on whatever basis, including on a temporary basis, to assist with the exercise of the Receiver's powers and duties, including without limitation those conferred by this Order;

(e)     to purchase or lease machinery, equipment, inventories, supplies, premises or other assets to continue the business of the Debtor(s) or any part or parts thereof;

(f)     to receive and collect all monies and accounts now owed or hereafter owing to the Debtor(s) and to exercise all remedies of the Debtor(s) in collecting such monies, including, without limitation, to enforce any security held by the Debtor(s);

(g)     to settle, extend or compromise any indebtedness owing to or by the Debtor(s);

(h)     to execute, assign, issue and endorse documents of whatever nature in respect of any of the Property, whether in the Receiver's name or in the name and on behalf of the Debtor(s), for any purpose pursuant to this Order;

(i)     to undertake environmental or workers' health and safety assessments of the Property and operations of the Debtor(s);

(j)     to initiate, prosecute and continue the prosecution of any and all proceedings and to defend all proceedings now pending or hereafter instituted with respect to the Debtor(s), the Property or the Receiver, and to settle or compromise any such proceedings. The authority hereby conveyed shall extend to such appeals or applications for judicial review in respect of any order or judgment pronounced in any such proceeding, and provided further that nothing in this Order shall authorize the Receiver to defend or settle the action in which this Order is made unless otherwise directed by this Court;

(k)     to market any or all the Property, including advertising and soliciting offers in respect of the Property or any part or parts thereof and negotiating such terms and conditions of sale as the Receiver in its discretion may deem appropriate;

(l)     to sell, convey, transfer, lease or assign the Property or any part or parts thereof out of the ordinary course of business:

(i)     without the approval of this Court in respect of any transaction not exceeding $1,500,000.00, provided that the aggregate consideration for all such transactions does not exceed $4,000,000.00; and

(ii)    with the approval of this Court in respect of any transaction in which the purchase price or the aggregate purchase price exceeds the applicable amount set out in the preceding clause,

and in each such case notice under subsection 60(8) of the *Personal Property Security Act*, R.S.A. 2000, c. P-7 shall not be required;

- 4 -

(m)    to apply for any vesting order or other orders necessary to convey the Property or any part or parts thereof to a purchaser or purchasers thereof, free and clear of any liens or encumbrances affecting such Property;

(n)    to report to, meet with and discuss with such affected Persons (as defined below) as the Receiver deems appropriate on all matters relating to the Property and the receivership, and to share information, subject to such terms as to confidentiality as the Receiver deems advisable;

(o)    to register a copy of this Order and any other Orders in respect of the Property against title to any of the Property;

(p)    to apply for any permits, licences, approvals or permissions as may be required by any governmental authority and any renewals thereof for and on behalf of and, if thought desirable by the Receiver, in the name of the Debtor(s);

(q)    to enter into agreements with any trustee in bankruptcy appointed in respect of the Debtor(s), including, without limiting the generality of the foregoing, the ability to enter into occupation agreements for any property owned or leased by the Debtor(s);

(r)    to exercise any shareholder, partnership, joint venture or other rights which the Debtor(s) may have; and

(s)    to take any steps reasonably incidental to the exercise of these powers or the performance of any statutory obligations;

and in each case where the Receiver takes any such actions or steps, it shall be exclusively authorized and empowered to do so, to the exclusion of all other Persons (as defined below), including the Debtor(s), and without interference from any other Person.

## DUTY TO PROVIDE ACCESS AND CO-OPERATION TO THE RECEIVER

5.    (i) The Debtor(s); (ii) all of its current and former directors, officers, employees, agents, accountants, legal counsel and shareholders, and all other persons acting on its instructions or behalf; and (iii) all other individuals, firms, corporations, governmental bodies or agencies, or other entities having notice of this Order (all of the foregoing, collectively, being "**Persons**" and each being a "**Person**") shall forthwith advise the Receiver of the existence of any Property in such Person's possession or control, shall grant immediate and continued access to the Property to the Receiver, and shall deliver all such Property (excluding Property subject to liens the validity of which is dependent on maintaining possession) to the Receiver upon the Receiver's request.

20794328_4|NATDOCS

6.     All Persons shall forthwith advise the Receiver of the existence of any books, documents, securities, contracts, orders, corporate and accounting records, and any other papers, records and information of any kind related to the business or affairs of the Debtor(s), and any computer programs, computer tapes, computer disks, or other data storage media containing any such information (the foregoing, collectively, the "**Records**") in that Person's possession or control, and shall provide to the Receiver or permit the Receiver to make, retain and take away copies thereof and grant to the Receiver unfettered access to and use of accounting, computer, software and physical facilities relating thereto, provided however that nothing in this paragraph 6 or in paragraph 7 of this Order shall require the delivery of Records, or the granting of access to Records, which may not be disclosed or provided to the Receiver due to the privilege attaching to solicitor-client communication or documents prepared in contemplation of litigation or due to statutory provisions prohibiting such disclosure.

7.     If any Records are stored or otherwise contained on a computer or other electronic system of information storage, whether by independent service provider or otherwise, all Persons in possession or control of such Records shall forthwith give unfettered access to the Receiver for the purpose of allowing the Receiver to recover and fully copy all of the information contained therein whether by way of printing the information onto paper or making copies of computer disks or such other manner of retrieving and copying the information as the Receiver in its discretion deems expedient, and shall not alter, erase or destroy any Records without the prior written consent of the Receiver.  Further, for the purposes of this paragraph, all Persons shall provide the Receiver with all such assistance in gaining immediate access to the information in the Records as the Receiver may in its discretion require including providing the Receiver with instructions on the use of any computer or other system and providing the Receiver with any and all access codes, account names and account numbers that may be required to gain access to the information.

## NO PROCEEDINGS AGAINST THE RECEIVER

8.     No proceeding or enforcement process in any court or tribunal (each, a "**Proceeding**"), shall be commenced or continued against the Receiver except with the written consent of the Receiver or with leave of this Court.

## NO PROCEEDINGS AGAINST THE DEBTOR(S) OR THE PROPERTY

9.     No Proceeding against or in respect of the Debtor(s) or the Property shall be commenced or continued except with the written consent of the Receiver or with leave of this Court and any and all Proceedings currently under way against or in respect of the Debtor(s) or the Property are hereby stayed and suspended pending further Order of this Court, provided, however, that nothing in this Order shall: (i) prevent any Person from commencing a proceeding regarding a claim that might otherwise become barred by statute or an existing agreement, if such proceeding is not commenced before the expiration of

the stay provided by this paragraph 10; and (ii) affect a Regulatory Body's investigation in respect of the Debtor(s) or an action, suit or proceeding that is taken in respect of the Debtor(s) by or before the Regulatory Body, other than the enforcement of a payment order by the Regulatory Body or the Court. "Regulatory Body" means a person or body that has powers, duties or functions relating to the enforcement or administration of an Act of Parliament or of the legislature of a province.

## NO EXERCISE OF RIGHTS OF REMEDIES

10.     All rights and remedies (including, without limitation, set-off rights) against the Debtor(s), the Receiver, or affecting the Property, are hereby stayed and suspended except with the written consent of the Receiver or leave of this Court, provided however that this stay and suspension does not apply in respect of any "eligible financial contract" (as defined in the BIA), and further provided that nothing in this paragraph shall:  (i) empower the Receiver or the Debtor(s) to carry on any business which the Debtor(s) is not lawfully entitled to carry on; (ii) exempt the Receiver or the Debtor(s) from compliance with statutory or regulatory provisions relating to health, safety or the environment; (iii) prevent the filing of any registration to preserve or perfect a security interest; or (iv) prevent the registration of a claim for lien.

## NO INTERFERENCE WITH THE RECEIVER

11.     No Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the Debtor(s), without written consent of the Receiver or leave of this Court.  Nothing in this Order shall prohibit any party to an "eligible financial contract" from closing out and terminating such contract in accordance with its terms.

## CONTINUATION OF SERVICES

12.     All Persons having oral or written agreements with the Debtor(s) or statutory or regulatory mandates for the supply of goods and/or services, including without limitation, all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the Debtor(s) are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Receiver, and this Court directs that the Receiver shall be entitled to the continued use of the Debtor(s)'s current telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Receiver in accordance with normal payment practices of the Debtor(s) or such other practices as may be agreed upon by the supplier or service provider and the Receiver, or as may be ordered by this Court.

**RECEIVER TO HOLD FUNDS**

13.     All funds, monies, cheques, instruments, and other forms of payments received or collected by the Receiver from and after the making of this Order from any source whatsoever, including without limitation, the sale of all or any of the Property and the collection of any accounts receivable in whole or in part, whether in existence on the date of this Order or hereafter coming into existence, shall be deposited into one or more new accounts to be opened by the Receiver (the "**Post Receivership Accounts**") and the monies standing to the credit of such Post Receivership Accounts from time to time, net of any disbursements provided for herein, shall be held by the Receiver to be paid in accordance with the terms of this Order or any further order of this Court.

**EMPLOYEES**

14.     Subject to employees' rights to terminate their employment, all employees of the Debtor(s) shall remain the employees of the Debtor(s) until such time as the Receiver, on the Debtor(s)'s behalf, may terminate the employment of such employees.  The Receiver shall not be liable for any employee-related liabilities, including any successor employer liabilities as provided for in section 14.06(1.2) of the BIA, other than such amounts as the Receiver may specifically agree in writing to pay, or in respect of its obligations under sections 81.4(5) or 81.6(3) of the BIA or under the *Wage Earner Protection Program Act*, S.C. 2005, c.47 ("**WEPPA**").

15.     Pursuant to clause 7(3)(c) of the *Personal Information Protection and Electronic Documents Act*, S.C. 2000, c. 5, the Receiver shall disclose personal information of identifiable individuals to prospective purchasers or bidders for the Property and to their advisors, but only to the extent desirable or required to negotiate and attempt to complete one or more sales of the Property (each, a "**Sale**").  Each prospective purchaser or bidder to whom such personal information is disclosed shall maintain and protect the privacy of such information and limit the use of such information to its evaluation of the Sale, and if it does not complete a Sale, shall return all such information to the Receiver, or in the alternative destroy all such information.  The purchaser of any Property shall be entitled to continue to use the personal information provided to it, and related to the Property purchased, in a manner which is in all material respects identical to the prior use of such information by the Debtor(s), and shall return all other personal information to the Receiver, or ensure that all other personal information is destroyed.

**LIMITATION ON ENVIRONMENTAL LIABILITIES**

16.     (a)     Notwithstanding anything in any federal or provincial law, the Receiver is not personally liable in that position for any environmental condition that arose or environmental damage that occurred:

            (i)     before the Receiver's appointment; or

- 8 -

(ii)     after the Receiver's appointment unless it is established that the condition arose or the damage occurred as a result of the Receiver's gross negligence or wilful misconduct.

(b)     Nothing in subparagraph (a) exempts a Receiver from any duty to report or make disclosure imposed by a law referred to in that sub-paragraph.

(c)     Notwithstanding anything in any federal or provincial law, but subject to subparagraph (a) hereof, where an order is made which has the effect of requiring the Receiver to remedy any environmental condition or environmental damage affecting the Property, the Receiver is not personally liable for failure to comply with the order, and is not personally liable for any costs that are or would be incurred by any person in carrying out the terms of the order:

(i)     if, within such time as is specified in the order, within ten days after the order is made if no time is so specified, within ten days after the appointment of the Receiver, if the order is in effect when the Receiver is appointed, or during the period of the stay referred to in clause (ii) below, the Receiver:

A.     complies with the order, or

B.     on notice to the person who issued the order, abandons, disposes of or otherwise releases any interest in any real property affected by the condition or damage;

(ii)     during the period of a stay of the order granted, on application made within the time specified in the order referred to in clause (i) above, within ten days after the order is made or within ten days after the appointment of the Receiver, if the order is in effect when the Receiver is appointed, by:

A.     the court or body having jurisdiction under the law pursuant to which the order was made to enable the Receiver to contest the order; or

B.     the court having jurisdiction in bankruptcy for the purposes of assessing the economic viability of complying with the order; or

(iii)     if the Receiver had, before the order was made, abandoned or renounced or been divested of any interest in any real property affected by the condition or damage.

Nothing in this Order shall derogate from the protection afforded to the Receiver by section 14.06 of the BIA or any other applicable legislation.

## LIMITATION ON THE RECEIVER'S LIABILITY

17.    Except for gross negligence or wilful misconduct, as a result of its appointment or carrying out the provisions of this Order the Receiver shall incur no liability or obligation that exceeds an amount for which it may obtain full indemnity from the Property. Nothing in this Order shall derogate from any limitation on liability or other protection afforded to the Receiver under any applicable law, including, without limitation, Section 14.06, 81.4(5) or 81.6(3) of the BIA.

## RECEIVER'S ACCOUNTS

18.    The Receiver and counsel to the Receiver shall be paid their reasonable fees and disbursements, in each case incurred at their standard rates and charges. The Receiver and counsel to the Receiver shall be entitled to and are hereby granted a charge (the "Receiver's Charge") on the Property, as security for such fees and disbursements, incurred both before and after the making of this Order in respect of these proceedings, and the Receiver's Charge, shall form a first charge on the Property in priority to all security interests, trusts, liens, charges and encumbrances, statutory or otherwise, in favour of any Person but subject to section 14.06(7), 81.4(4) and 81.6(2) of the BIA.

19.    The Receiver and its legal counsel shall pass their accounts from time to time.

20.    Prior to the passing of its accounts, the Receiver shall be at liberty from time to time to apply reasonable amounts, out of the monies in its hands, against its fees and disbursements, including the legal fees and disbursements, incurred at the normal rates and charges of the Receiver or its counsel, and such amounts shall constitute advances against its remuneration and disbursements when and as approved by this Court.

## FUNDING OF THE RECEIVERSHIP

21.    The Receiver is at liberty and is hereby empowered to borrow by way of a revolving credit or otherwise, such monies from time to time as it may consider necessary or desirable, provided that the outstanding principal amount does not exceed $2,500,000.00 (or such greater amount as this Court may by further Order authorize) at any time, at such rate or rates of interest as it deems advisable for such period or periods of time as it may arrange, for the purpose of funding the exercise of the powers and duties conferred upon the Receiver by this Order, including interim expenditures. The whole of the Property shall be and is hereby charged by way of a fixed and specific charge (the "**Receiver's Borrowings Charge**") as security for the payment of the monies borrowed, together with interest and charges thereon, in priority to all security interests, trusts, liens, charges and encumbrances, statutory or

otherwise, in favour of any Person, but subordinate in priority to the Receiver's Charge and the charges set out in sections 14.06(7), 81.4(4) and 81.6(2) of the BIA.

22.     Neither the Receiver's Borrowings Charge nor any other security granted by the Receiver in connection with its borrowings under this Order shall be enforced without leave of this Court.

23.     The Receiver is at liberty and authorized to issue certificates substantially in the form annexed as Schedule "A" hereto (the "**Receiver's Certificates**") for any amount borrowed by it pursuant to this Order.

24.     The monies from time to time borrowed by the Receiver pursuant to this Order or any further order of this Court and any and all Receiver's Certificates evidencing the same or any part thereof shall rank on a *pari passu* basis, unless otherwise agreed to by the holders of any prior issued Receiver's Certificates.

## ALLOCATION

25.     Any interested party may apply to this Court on notice to any other party likely to be affected, for an order allocating the Receiver's Charge and Receiver's Borrowings Charge amongst the various assets comprising the Property.

## GENERAL

26.     The Receiver may from time to time apply to this Court for advice and directions in the discharge of its powers and duties hereunder.

27.     Notwithstanding Rule 6.11 of the Alberta *Rules of Court*, unless otherwise ordered by this Court, the Receiver will report to the Court from time to time, which reporting is not required to be in affidavit form and shall be considered by this Court as evidence.

28.     Nothing in this Order shall prevent the Receiver from acting as a trustee in bankruptcy of the Debtor(s).

29.     This Court hereby requests the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order, including, without limitation, recognizing these proceedings under Chapter 15 of Title 11 of the United States *Code*.  All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Receiver, as an officer of this Court and as the duly appointed foreign representative of ATK and ATK USA, as may be necessary or desirable to give effect to this Order or to assist the Receiver and its agents in carrying out the terms of this Order.

- 11 -

30.    The Receiver be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order and that the Receiver is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

31.    The Plaintiff shall have its costs of this motion, up to and including entry and service of this Order, provided for by the terms of the Plaintiff's security or, if not so provided by the Plaintiff's security, then on a substantial indemnity basis to be paid by the Receiver from the Debtor(s)'s estate with such priority and at such time as this Court may determine.

32.    Any interested party may apply to this Court to vary or amend this Order on not less than seven days' notice to the Receiver and to any other party likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

" B- NIXON "
_____
J.C.Q.B.A.

Consent to this  1  day of  April , 2016 by:

The Defendants ATK Oilfield Transportation
Inc. and ATK Oilfield Transportation (USA) Inc.

Per: _____
Print Name: Darcy Campbell, Chief Financial
Officer for the Defendants

- 12 -

### RECEIVER'S CERTIFICATE

**CERTIFICATE NO.** _____

**AMOUNT**      $_____

1.      **THIS IS TO CERTIFY** that Ernst & Young Inc., the receiver and manager (the "**Receiver**") of all of the assets, undertakings and properties of ATK Oilfield Transportation Inc. and ATK Oilfield Transportation (USA) Inc., appointed by Order of the Court of Queen's Bench of Alberta (the "**Court**") dated the ___ day of March, 2016 (the "**Order**") made in action _____, has received as such Receiver from the holder of this certificate (the "**Lender**") the principal sum of $_____, being part of the total principal sum of $_____ which the Receiver is authorized to borrow under and pursuant to the Order.

2.      The principal sum evidenced by this certificate is payable on demand by the Lender with interest thereon calculated and compounded _____ not in advance on the _____ day of each _____ after the date hereof at a notional rate per annum equal to the rate of _____ per cent above the prime commercial lending rate of Alberta Treasury Branches from time to time.

3.      Such principal sum with interest thereon is, by the terms of the Order, together with the principal sums and interest thereon of all other certificates issued by the Receiver pursuant to the Order or to any further order of the Court, a charge upon the whole of the Property (as defined in the Order), in priority to the security interests of any other person, but subject to the priority of the charges set out in the Order, and the right of the Receiver to indemnify itself out of such Property in respect of its remuneration and expenses.

4.      All sums payable in respect of principal and interest under this certificate are payable at the main office of the Lender at _____.

5.      Until all liability in respect of this certificate has been terminated, no certificates creating charges ranking or purporting to rank in priority to this certificate shall be issued by the Receiver to any person other than the holder of this certificate without the prior written consent of the holder of this certificate.

6.      The charge securing this certificate shall operate so as to permit the Receiver to deal with the Property (as defined in the Order) as authorized by the Order and as authorized by any further or other order of the Court.

- 13 -

7.      The Receiver does not undertake, and it is not under any personal liability, to pay any sum in respect of which it may issue certificates under the terms of the Order.

**DATED** the ____ day of _____

> **Ernst & Young Inc., solely in its capacity as Receiver of the Property (as defined in the Order), and not in its personal capacity**
>
> Per: _____
> Name:

- 14 -

## AFFIDAVIT OF EXECUTION

| | |
|---|---|
| CANADA | ) |
| | ) |
| PROVINCE OF ALBERTA | ) |
| | ) |
| TO WIT: | ) |

I, _Alexandra Cabral_,

of City of Calgary, in the Province of Alberta,

MAKE OATH AND SAY:

1.  I was personally present and did see Darcy Campbell, named in the within instrument, who is personally known to me to be the person named therein, duly sign and execute the same for the purposes named therein.

2.  That the same was executed at the City of Calgary, in the Province of Alberta, and that I am the subscribing witness thereto.

3.  That I know the said Darcy Campbell, and he is, in my belief, of the full age of eighteen years.

SWORN BEFORE ME at the City of Calgary, in the Province of Alberta, this __1st__ day of __April__, 2016.

_Debbie L. Gordon_
A Commissioner for Oaths in and for the ~~DH.~~
~~Province of~~ Alberta

_X. Cabral_
Print Name: _Alexandra Cabral_

**DEBBIE L. GORDON**
My Commission
Expires Sept. 3, 20 _18_